IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mikhail Dmitriev, | NO. C 06-07677 JW |
|         Plaintiff,<br>  v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| Michael Chertoff, et al., | |
|         Defendants. | |

## I. INTRODUCTION

Mikhail Dmitriev ("Plaintiff") brings this action for violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.* and 5 U.S.C. §701 *et seq.*  Plaintiff alleges Michael Chertoff, Secretary of the Department of Homeland Security; Emilio Gonzalez, Director of the United States Citizenship & Immigration Services ("USCIS"); and Robert Mueller, Director of the Federal Bureau of Investigations ("FBI") (collectively, "Defendants"), improperly handled and delayed the processing of Plaintiff's I-485 Application for Adjustment of Status.

Presently before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim pursuant to Rule 12(b)(1) and (6).  The Court found it appropriate to take the matter under submission without oral argument.  See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss.

## II. BACKGROUND

Plaintiff alleges the following:

Plaintiff, a native of Russia, filed an I-485 application with the USCIS to adjust his status to that of a lawful permanent resident. (Plaintiff's Complaint for Writ in the Nature of Mandamus & Declaratory Judgment ¶ 2, hereafter "Complaint," Docket Item No. 1.) He filed his application on January 30, 2004. (Complaint ¶ 9.) Since October 2004, Plaintiff has made a number of inquiries regarding his application. (Complaint ¶ 13.) Through various sources, Plaintiff learned the application is still pending due to an Federal Bureau of Investigations ("FBI") "name check." Id.

On December 14, 2006, Plaintiff, in *pro per*, filed his claim against Defendants for a violation of the Administrative Procedures Act 5 U.S.C. § 551 *et seq.* and 5 U.S.C. § 701 *et seq.* Plaintiff is now represented by counsel. Plaintiff seeks an order compelling the adjudication of his I-485 application. Before the Court is Defendants' motion to dismiss under Rule 12(b)(1) and 12(b)(6).

## III. STANDARDS

**A.  Subject Matter Jurisdiction**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for a motion to dismiss for lack of subject-matter jurisdiction. A 12(b)(1) motion may be either facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court is permitted to look beyond the complaint to extrinsic evidence. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). On a facial challenge, all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself. See Wolf, 392 F.3d at 362; Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979). When a defendant makes a factual challenge "by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Safe Air For Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). The court need not presume the

2

truthfulness of the plaintiff's allegations under a factual attack. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). However, in the absence of a full-fledged evidentiary hearing, disputes in the facts pertinent to subject matter are viewed in the light most favorable to the opposing party. Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject-matter jurisdiction should be treated in the same way as one would adjudicate a motion for summary judgment. Id.

**B.      Failure to State a Claim**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973). However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

## IV.  DISCUSSION

**A.      Subject Matter Jurisdiction**

At issue is whether the Court has subject matter jurisdiction over Plaintiff's claim. Plaintiff asserts two bases for subject matter jurisdiction: (1) the Administrative Procedure Act, 5 U.S.C. § 551 et seq; and (2) mandamus jurisdiction pursuant to 28 U.S.C. § 1361. Defendants contend that neither statute provides jurisdiction. (Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim at 5-8, hereafter, "Motion," Docket Item No. 7.)

### 1. Jurisdiction Under the Administrative Procedure Act

Defendants contend that review under the APA is specifically precluded because USCIS adjudication of Plaintiff's I-485 application is discretionary. (Motion at 7.)

A district court has subject matter jurisdiction over any sufficiently stated claims for relief under the APA. See Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 63-65 (2004). Under the APA, a plaintiff must show that (1) an agency had a nondiscretionary duty to act and (2) the agency unreasonably delayed in acting. Id., 5 U.S.C. §§ 555(b), 701(a)(2). Once a plaintiff establishes these elements, the reviewing court must issue an order compelling the withheld or delayed action. 5 U.S.C. § 706(1).

Both the APA and the Immigration and Nationality Act ("INA") specifically preclude jurisdiction where the action is committed to the discretion of the agency. 5 U.S.C. § 701(a)(2); 8 U.S.C. 1252(a)(2)(B)(ii). USCIS undoubtedly has wide discretion over applications for status adjustments. The Immigration and Nationality Act ("INA") provides:

> The status of an alien . . . may be adjusted by the Attorney General,[1] in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). However, "there is a difference between the [USCIS's] discretion over how to resolve an application and the [USCIS's] discretion over whether it resolves an application." Singh v. Still, 2007 U.S. Dist. LEXIS 16334 at *9 (N.D. Cal. January 8, 2007); see also Yu v. Brown, 36 F. Supp. 2d 922, 932 (D.N.M. 1999). Defendants do not dispute that USCIS has a duty to adjudicate submitted I-485 applications.

The remaining issue is whether USCIS can delay unreasonably in acting. Defendants contend that the INA confers complete discretion over the timing of USCIS's adjudication. (Motion at 6.) A number of district courts have agreed, reading sections 1252 and 1255 as encompassing the

---

[1] Authority to adjudicate adjustment of status applications has since been transferred to the Secretary of Homeland Security and his delegate in USCIS. See 6 U.S.C. §§ 271(b)(5), 557.

4

entire adjudicative process, including its pace. Safadi v. Howard, 466 F. Supp. 2d 696, 698 (E.D. Va. 2006); El-Khader v. Perryman, 264 F. Supp. 2d 645, 649 (N.D. Ill. 2003).   The Court declines to follow these decisions, however, as they diverge from the "well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action," (see Perez-Martin v. Ashcroft, 394 F.3d 752, 757 (9th Cir. 2005)), and directly conflict with the language of the APA requiring agency actions occur within a "reasonable time." 5 U.S.C. § 555(b).  The Court instead follows other courts in this district in finding that the USCIS has a statutory duty to adjudicate I-485 applications within a reasonable time. Geffler v. Chertoff, 2007 U.S. Dist. LEXIS 26466 at *5 (N.D. Cal. March 22, 2007); Aboushaban v. Mueller, 2006 U.S. Dist. LEXIS 81076 at *5 (N.D. Cal. October 24, 2006)

Accordingly, the Court denies Defendant's motion to dismiss for lack of subject matter jurisdiction.

### 2.  Mandamus Jurisdiction

Given its conclusion that jurisdiction is appropriate under the Administrative Procedure Act, the Court does not need to consider whether mandamus statute provides an independent basis for subject matter jurisdiction. Although the mandatory injunction authorized under the APA is technically distinct from a writ of mandamus, the relief Plaintiff seeks to compel is identical under either statute. Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 (9th Cir. 1997).  Whether the Court proceeds under one or the other in this case is therefore not of practical significance. See id., Geffler, 2007 U.S. Dist. LEXIS 26466 at *7.

### B.  Failure to State a Claim

In the alternative, Defendants move for dismissal on the ground that Plaintiff fails to state a claim on which relief can be granted. In light of the above analysis, the Complaint clearly states a claim. Plaintiff alleges Defendants improperly delayed the processing of his application for more than three years. (Complaint ¶¶ 9, 28.)  Proof of such delay, if unreasonable, would entitle Plaintiff to an order directing the adjudication of his application. The Court denies Defendants' motion to dismiss for failure to state a claim.

5

However, Plaintiff brings this suit against the following individuals:

1. Michael Chertoff, Secretary of the Department of Homeland Security;

2. Emilio T. Gonzalez, Director of United States Citizenship and Immigration Services;

3. Robert S. Mueller, III, Director of Federal Bureau of Investigations.

Since March 1, 2003, the Department of Homeland Security is the agency responsible for implementing the Immigration and Nationality Act. See 6 U.S.C. §§ 271(b)(5), 557. Accordingly, the only relevant Defendant is Michael Chertoff, in his capacity as Secretary of the Department of Homeland Security. The Court DISMISSES all other Defendants.

## V. CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim. The Court DISMISSES Defendants Emilio T. Gonzalez, Director of United States Citizenship and Immigration Services and Robert S. Mueller, III, Director of Federal Bureau of Investigations from the case.

The parties shall appear for a case management conference on **June 4, 2007 at 10 AM.** Pursuant to the Civil Local Rule of the Court, the parties shall file a joint case management statement ten (10) days before the date of the conference.

Dated: May 4, 2007

JAMES WARE
United States District Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David L. Cooper dcooper@bbslaw.com
Sharonrose Cannistraci sharonrose@cannistracilaw.com

| | |
|---|---|
| **Dated:  May 4, 2007** | **Richard W. Wieking, Clerk** |
| | By:   /s/ JW Chambers<br>       **Elizabeth Garcia**<br>       **Courtroom Deputy** |

**United States District Court**
For the Northern District of California